IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, § § § Plaintiff, § § vs. § § ONSTAR, LLC, ATX GROUP, INC., XIRGO § TECHNOLOGIES, LLC, PROGRESSIVE § CASUALTY INSURANCE COMPANY, § POWER SOLUTIONS, INC. and BSM § WIRELESS INC. § § Defendants. § | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC files its Original Complaint against Defendants ONSTAR, LLC, ATX GROUP, INC., XIRGO TECHNOLOGIES, LLC, PROGRESSIVE CASUALTY INSURANCE COMPANY, POWER SOLUTIONS, INC. and BSM WIRELESS INC, alleging as follows:

### I. THE PARTIES

1. Plaintiff Innovative Global Systems, LLC ("IGS") is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

2. Upon information and belief, OnStar, LLC ("OnStar") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan. OnStar may be served with process through its registered agent CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Upon information and belief, ATX Group, Inc. ("ATX") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Irving, Texas. ATX may be served with process through its registered agent CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Xirgo Technologies, LLC ("Xirgo") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Camarillo, CA. Xirgo may be served with process through its registered agent Roy Schneider, 5425 Everglades Street, Ventura, CA 93003.

5. Upon information and belief, Progressive Casualty Insurance Company ("Progressive") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Mayfield Village, OH. Progressive may be served with process through its registered agent CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201

6. Upon information and belief, Power Solutions, Inc. ("Power Solutions") (also sometimes doing business as "MasterTrak") is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business in Wood Dale, IL. Power Solutions may be served with process through its registered agent for service, James W. Marks, 225 W. Washington, Suite 2200, Chicago, IL 60606.

7. Upon information and belief, BSM Wireless, Inc. ("BSM") is a Canadian corporation with a principal place of business in Woodbridge, Ontario. BSM engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, BSM has designated the Texas Secretary of State

as its agent for service of process and may be served with process through its counsel or by serving the Texas Secretary of State.

## II. JURISDICTION AND VENUE

8. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

9. Upon information and belief, Defendants are each subject to personal jurisdiction by this Court. Defendants have each committed such purposeful acts and/or transactions in the State of Texas that they reasonably knew and/or expected that they could be hailed into a Texas court as a future consequence of such activity. Defendants each either make, use, or sell infringing products within the Eastern District of Texas, or have a continuing presence and the requisite minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. Upon information and belief Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the Eastern District of Texas. For all of these reasons, personal jurisdiction exists as to all Defendants and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

10. Further, the Eastern District of Texas is the most judicially efficient venue to hear this lawsuit because of this Court's familiarity with the Patents-in-Suit over the past eighteen months. This is the fourth lawsuit filed in this Division of the Eastern District of Texas by IGS asserting the same five patents, all of which are in the field of telematics. The first lawsuit initiated by IGS was *Innovative Global Systems LLC v. Turnpike Global Technologies, Inc., et al.*, Civil Action No. 6:09-CV-00157. In that case the Court considered full claim construction briefing, conducted a *Markman* hearing, and issued a claim construction "Order" on June 4, 2010 setting forth the Court's provisional Claim Construction Rulings. A Final Judgment was entered

on August 3, 2010 after all six defendants in that suit were dismissed after reaching settlements with IGS.  Two additional lawsuits, *Innovative Global Systems LLC v. Teletrac Inc., et al.*, Civil Action No. 6:10-CV-00040 and *Innovative Global Systems LLS v. Volvo Construction Equipment North America, Inc., et al,* Civil Action No. 6:10-cv-00327 are currently pending in this Court.  Thus, this Court is familiar with the Patents-in-Suit and the technology at issue and is the most judicially economic and efficient venue for this fourth lawsuit by IGS on these same Patents-in-Suit.

### III.  PATENTS-IN-SUIT

11.     On August 19, 2003, United States Patent No. 6,608,554 ("the '554 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal."  A true and correct copy of the '554 patent is attached hereto as Exhibit A and made a part hereof.

12.     On June 25, 2002, United States Patent No. 6,411,203 ("the '203 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal."  A true and correct copy of the '203 patent is attached hereto as Exhibit B and made a part hereof.

13.     On June 1, 2004 United States Patent No. 6,744,352 ("the '352 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network."  A true and correct copy of the '352 patent is attached hereto as Exhibit C and made a part hereof.

14. On March 21, 2006 United States Patent No. 7,015,800 ("the '800 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '800 patent is attached hereto as Exhibit D and made a part hereof.

15. On November 11, 2008 United States Patent No. 7,449,993 ("the '993 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '993 patent is attached hereto as Exhibit E and made a part hereof.

16. The '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent are hereinafter referred to collectively as the "Patents-in-Suit."

17. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to products used by and sold to and/or for automobiles, vehicle fleets, heavy duty trucking fleets, and heavy equipment fleets that permit data communication associated with a vehicle to be transmitted between the vehicle and a remote data communication terminal so that various operating characteristics of the vehicle can be used, observed monitored, and/or controlled.

### IV. <u>PATENT INFRINGEMENT</u>

18. IGS is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right

to prosecute this action. On January 29, 2009 IGS acquired through written assignment all right, title, and interest to the Patents-in-Suit from Vehicle Enhancement Systems, Inc. ("VES").

19.     Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that infringe one or more claims of the Patents-in-Suit; and/or Defendants induce and/or contribute to the infringement of one or more of the claims in the Patents-in-Suit by others.

20.     Defendant ONSTAR infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the automobile industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the OnStar Vehicle Diagnostics and in-vehicle safety and security systems infringes one or more claims of the Patents-in-Suit.

21.     Defendant ATX infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the automobile industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the ATX Safety Connect product infringes one or more of the claims of the Patents-in-Suit.

22.     Defendant XIRGO infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the automobile industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote

location. By way of example only, the Xirgo XT-2000 Intelliport system infringes one or more of the claims of the Patents-in-Suit.

23. Defendant PROGRESSIVE infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the automobile industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the Xirgo Intelliport system is used by PROGRESSIVE and infringes one or more claims of the Patents-in-Suit.

24. Defendant POWER SOLUTIONS / MASTERTRAK infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the MasterTrak Telecommunications Unit (TCU) product infringes one or more of the claims of the Patents-in-Suit.

25. Defendant BSM infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location. By way of example only, the BSM Sentinel FM 2000 product infringes one or more claims of the Patents-in-Suit.

26. IGS and its predecessor VES have marked their products in compliance with 35 U.S.C. § 287.

27.     IGS has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to IGS in an amount that adequately compensates IGS for Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.  JURY DEMAND

IGS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

IGS requests that the Court find in its favor and against Defendants, and that the Court grant IGS the following relief:

a.  Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to IGS all damages to and costs incurred by IGS because of Defendants' infringing activities and other conduct complained of herein;

c.  That Defendants, their officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents in Suit. In the alternative, if the Court finds that an injunction is not warranted, IGS requests an award of post judgment royalty to compensate for future infringement;

e.  That IGS be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award IGS its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.  That IGS be granted such other and further relief as the Court may deem just and proper under the circumstances.

9

**Dated:   October 26, 2010.**   Respectfully submitted,

/s/  Michael T. Cooke
State Bar No. 04759650
Jonathan T. Suder
State Bar No. 19463350
Todd I. Blumenfeld
State Bar No. 24067518
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
Blumenfeld@fsclaw.com

Keith A. Rutherford
R. Scott Reese
Sarah R. Cabello
WONG, CABELLO, LUTSCH,
  RUTHERFORD & BRUCCULERI, LLP
20333 SH 249, Suite 600
Houston, TX  77070
(832) 446-2400
Fax (832) 446-2424
krutherford@counselip.com
sreese@counselip.com
scabello@counselip.com

Eric M. Albritton
ERIC M. ALBRITTON, P.C.
P.O. Box 2649
111 West Tyler Street
Longview, TX  75601
(903) 757-8449 x204
Fax (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
(903) 757-6400
Fax (903) 757-2323
jw@jwfirm.com

ATTORNEYS FOR PLAINTIFF
INNOVATIVE GLOBAL SYSTEMS, LLC

n:\clients\mj\ves\onstar-06\pleadings\complaint.doc